UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24086-BLOOM

PERSONS SECURITY AGENCY, LLC,

    Plaintiff,

v.

AT&T,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff Persons Security Agency, LLC's Complaint, ECF No. [1], docketed on December 16, 2022. Plaintiff has not paid the filing fee but has moved to proceed *in forma pauperis*. ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Having screened Plaintiff's Complaint, the Court concludes it is subject to dismissal.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

Case No. 22-cv-24086-BLOOM

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Plaintiff's Complaint has two fatal deficiencies. First, it does not state a basis for federal jurisdiction. ECF No. [1] at 3. Plaintiff appears to allege federal question jurisdiction, but rather than stating the specific legal statute or Constitutional provision at issue in this case, Plaintiff has simply written, "Fraud and Deceptive business tactics." *Id*. That statement is insufficient to satisfy Plaintiff's duty to sufficiently allege that this federal Court has jurisdiction over Plaintiff's case.

Second, Plaintiff appears to be a Limited Liability Company attempting to litigate this case on a *pro se* basis. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). "Corporations and partnerships . . . are unable to represent themselves," so "the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation." *Id.* (quotation marks omitted). Accordingly, Plaintiff Persons Security

Case No. 22-cv-24086-BLOOM

Agency, LLC, may not proceed as a *pro se* litigant, nor may Mark A. Persons represent it, unless he is a licensed lawyer.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to close the case and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 19, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

**Persons Security Agency, LLC**
9825 NE 2nd Ave. Suite 531276
Miami, FL 33153